UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK D. CALIGIURI** | : | Case Number |
|     Plaintiff | : | |
| | : | |
|     vs. | : | CIVIL COMPLAINT |
| | : | |
| **EQUIFAX INFORMATION SERVICES, LLC** | : | |
| & | : | |
| **CENLAR FEDERAL SAVINGS BANK, INC.** | : | |
| & | : | |
| **UNITED WHOLESALE MORTGAGE, INC.** | : | |
|     Defendants | : | **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Frank D. Caligiuri, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Frank D. Caligiuri, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act, as well as for relief from Defamation of Character.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

3. Venue in this district is proper in that Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Frank D. Caligiuri (hereinafter referred to as "Plaintiff") is an adult natural person with an address of 14 West Grandview Avenue, Sellersville, Pennsylvania 18960.

5. Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

6. Defendant, Cenlar Savings Bank, Inc.. (hereinafter referred to as "Defendant Cenlar"), at all times hereto, is and was a national association engaged in the business of banking and lending with a principal office located at 425 Phillips Blvd., Trenton, New Jersey 08618.

7. Defendant, United Wholesale Mortgage, Inc. (hereinafter referred to as "Defendant United"), at all times hereto, is and was a corporation engaged in the business of banking and lending with a principal office located at 1414 E. Maple Road, Troy, Michigan 48030.

### IV. FACTUAL ALLEGATIONS

8. Plaintiff paid his mortgage to Defendant United from March 2014 until February 2015.

9. In February or March 2015, Plaintiff's mortgage was transferred from Defendant United to Defendant Cenlar.

10. In March 2015, Plaintiff began paying his mortgage to Defendant Cenlar and continues to pay his mortgage to Defendant Cenlar to this day.

11. Shortly after the transfer, Plaintiff noticed that Defendant Equifax was inaccurately reporting that the Defendant United mortgage was open and had a balance while also reporting accurately that the trade line of Defendant Cenlar was open and had a balance.

12. On or about June 15, 2015, Plaintiff disputed the accuracy of the trade lines of Defendant United with Defendant Equifax.

13. In his dispute, Plaintiff advised Defendant Equifax that their reporting was inaccurate as to the trade line of Defendant United insomuch as both the mortgage of Defendant United and the mortgage of Defendant Cenlar were reported as open and having a balance while Plaintiff only had a mortgage with Defendant Cenlar.

14. In response to Plaintiff's dispute, Defendant Equifax did not correct the inaccuracies within the trade line of Defendant United.

15. Namely, following Plaintiff's dispute, Defendant Equifax continued to report that Plaintiff had made his last payment to Defendant United in July 2015, that his monthly payments to Defendant United were $921, and that Plaintiff's balance with Defendant United was $114,760.

16. Defendants Equifax and United also failed to mark the trade line of Defendant United as "disputed."

17. At this time, Plaintiff also noticed that Defendant Equifax was now reporting the trade line of Defendant Cenlar inaccurately; namely, it was now reported that Plaintiff had last paid Defendant Cenlar in February 2015, been closed in March 2015, had a zero dollar balance, and had been transferred or sold.

18. On or about July 15, 2015, Plaintiff disputed the accuracy of the trade lines of Defendant United and Defendant Cenlar with Defendant Equifax.

3

19. In his dispute, Plaintiff advised Defendant Equifax that their reporting was inaccurate as to the trade lines of Defendant United and Defendant Cenlar insomuch as the dates of last payments and balances reported in these trade lines were inaccurate.

20. In response to Plaintiff's dispute, Defendant Equifax did not correct the inaccuracy within the trade lines of Defendant United and Defendant Cenlar.

21. Namely, following Plaintiff's dispute, Defendant Equifax continued to report that Plaintiff's mortgage with Defendant Cenlar had been closed in March 2015 and that Plaintiff's mortgage with Defendant United had last been paid in July 2015.

22. Defendants Equifax, United, and Cenlar failed to mark the trade lines of Defendant United and Defendant Cenlar as "disputed."

23. As a result of Defendant's continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing the Plaintiff to refrain from applying for additional credit.

24. The Defendants acted with actual malice in willfully continuing to report inaccurate information on Plaintiff's credit, knowing full well that other creditors were accessing the Plaintiff's credit report, all to the Plaintiff's detriment and loss.

25. Aside from the inaccurate information reported pertaining to the accounts of Defendant United and Defendant Cenlar, Plaintiff has an excellent credit history.

26. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score and has kept the Plaintiff from refinancing his current mortgages.

27. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance

charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

28. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

29. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

30. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

### COUNT I – FCRA
*Plaintiff v. All Parties*

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. At all times pertinent hereto, Defendant Equifax was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(b) and (f).

33. At all times pertinent hereto, Defendants United and Cenlar were "furnishers" within the meaning and context of the Fair Credit Reporting Act.

34. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

35. At all times pertinent hereto, the above mentioned credit reports were "consumer reports" as that terms is defined by 15 U.S.C. §1681a(d).

36. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Equifax is liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(e) Willfully and negligently failing to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1681e(8).

37. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants United and Cenlar is liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being provided with proof of its inaccuracy; and

(b) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy; and

(c) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b); and

(d) Reporting information with actual knowledge of errors in violation of 15 U.S.C. §1681s-2(a)(1)(A); and

(e) Reporting information after notice and confirmation of errors in violation of 15 U.S.C. §1681s-2(a)(1)(B); and

(f) Failing to correct and update information in violation of 15 U.S.C. §1681s-2(a)(2)(B); and

(g) Failing to provide notice of dispute in violation of 15 U.S.C. §1681s-2(a)(3); and

(h) Failing to conduct an investigation with respect to disputed information in violation of §1681s-2(a)(8).

38. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants Equifax, Cenlar, and United, for the following:

a. Actual damages;

7

    d.       Statutory damages pursuant to 15 U.S.C. §1681n;

    c.       Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

    d.       Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II– DEFAMATION OF CHARACTER
*Plaintiff v. All Parties*

39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

41. Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

42. The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff in a false financial light.

43. Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

44. The falsehoods within the trade lines of Defendants Cenlar and United constitute falsehoods concerning Plaintiff's credit history.

45. Defendants knew or reasonably should have known that the information regarding the trade lines of Defendants Cenlar and United they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them of such.

46. Defendants continue to publish the false and negative information within the trade lines of Defendants United and Cenlar on Plaintiff's credit history up through the present time.

47. Defendants knew that the information within the trade lines of Defendants United and Cenlar on Plaintiff's credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

48. The publications of the information within the trade line of Defendants United and Cenlar on Plaintiff's credit report constitute libel per se.

49. In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

50. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against the aforementioned Defendants for the following:

a. Actual damages;

b. Statutory damages;

c.     Punitive damages;

d.     An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e.     Such addition and further relief as may be appropriate or that the interests of justice require.

## V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: August 27, 2015      BY: */s/Brent F. Vullings*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike, Suite 102
Collegeville, PA 19426
Attorney for Plaintiff